**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

DUMAR JAMAL COMBS                          :
                                           :          CIVIL ACTION NO
                            v.             :
                                           :
STATE FARM FIRE AND                        :
CASUALTY COMPANY                           :          JURY OF 12 DEMANDED
_____

## NOTICE FOR REMOVAL FROM STATE COURT

AND NOW, comes Defendant, State Farm Fire and Casualty Company (hereinafter "State Farm"), for the purpose of removing the case to the United States District Court for the Eastern District of Pennsylvania and respectfully avers as follows:

1.      This is a civil action filed and now pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, Number 220601388.

2.      The action was commenced by Complaint on June 14, 2022. (_See_ Complaint attached as Exhibit "A".)

3.      State Farm was served with the Complaint on June 30, 2022.

4.      Plaintiff's Complaint avers two counts: one for breach of contract and one for bad faith (42 Pa. Cons. Stat. §8371).

5.      For the contract claim, Plaintiff seeks damages in the amount of $72,500.00, as well as any relief that the Court may award through a bill of costs, and any other relief the Court deems just and proper. (_See_ Exhibit "A", Count I.)

6.      On the bad faith claim, Plaintiff does not specify damages, but seeks punitive damages, as well as attorney's fees, interest, court costs and any other relief obtainable through a

bill of costs and any other order that the court deems just and proper. (*See* Exhibit "A", Count II.)

7.      The averments made herein are true and correct with respect to the date on which the Complaint was filed and the date upon which this notice is being filed.

8.      This suit is of a civil nature and involves a controversy between citizens of different states. Plaintiff is a citizen of the Commonwealth of Pennsylvania. Defendant State Farm is now, and was at the time Plaintiff commenced this action and filed the Complaint, a corporation organized under the laws of the State of Illinois and with its principal place of business at One State Farm Plaza, Bloomington, Illinois.

9.      Defendant State Farm has, with the filing of this notice, given written notice to Plaintiff's counsel.

10.     Defendant State Farm is also filing a copy of the notice of removal and all attachments thereto with the Prothonotary of the Court of Common Pleas of Philadelphia County.

11.     Defendant seeks to remove this matter to the United States District Court for the Eastern District of Pennsylvania. Defendant asserts that the amount in controversy in this matter exceeds $75,000.00 based on the allegations contained in Plaintiff's Complaint. As the moving party, Defendant bears the burden of proving that jurisdiction is proper in federal court. *Russ v. State Farm Mut. Auto. Ins. Co.*, 961 F. Supp. 808, 810 (E.D. Pa. 1997).

12.     District Courts have diversity jurisdiction over all civil actions where "the matter in controversy exceeds the sum or value of $75,000.00 and is between citizens of different states". *McCann v. Newman Irrevocable Tr.,* 458 F.3d 2581, 286 (3d Cir. 2006).

13.     The procedure for removal is set forth by 28 U.S.C. §1446. The pertinent portions of this statute governing timeliness of removal is §1446(b)(1) which states as follows:

(b) Requirements; generally.

(1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

14.     In determining whether the jurisdictional amount has been satisfied, the Court must first look at the Complaint. *Angus vs. Shiley, Inc.*, 989 F.2d 142, 145 (3d Cir. 1993).

15.     The underlying lawsuit, as alleged in the Complaint, arises out of Defendant's handling and investigation of a loss of Plaintiff's jewelry. (*See* Exhibit "A".)

16.     In Count I, breach of contract, the ad damnum clause in the Complaint states that Plaintiff seeks "payment in the amount of $72,500.00" (*See* Exhibit "A".)

17.      In Count II, violation of 42 Pa.C.S.A. §8371, the ad damnum clause in the Complaint states that Plaintiff seeks *inter alia* punitive damages and attorney's fees. (*See* Exhibit "A".)

18.     Generally, claims brought by a plaintiff against a single defendant can be aggregated when calculating the amount in controversy, regardless of whether the claims are related to each other. *C.D. Peacock, Inc. v. The Neiman Marcus Grp, Inc*., CIVIL ACTION NO. 97-5713, 1998 U.S. Dist. LEXIS 2945 (E.D. Pa. Mar. 12, 1998). "Aggregation has been permitted . . . in cases in which a single plaintiff seeks to aggregate two or more of his own claims against a single defendant . . . ." *Snyder v. Harris*, 394 U.S. 332, 335 (1969); *Suber v. Chrysler Corp.*, 104 F.3d 578, 588 (3d Cir. 1997).

3

19.    While two claims cannot be aggregated to satisfy the jurisdictional amount if the plaintiff could not recover damages for both claims, a bad faith claim and a breach of contract claim are separate and distinct and can be aggregated to calculate the amount in controversy. *Ketz v. Progressive N. Ins. Co.*, No. 3:07 cv 731, 2007 U.S Dist. LEXIS 43245, at *8-9 (M.D. Pa. June 14, 2007) (citations omitted).

20.    Regarding Count I of the instant Complaint, Plaintiff claims that the subject policy provided coverage for Plaintiff's jewelry in the amount of $72,500.00, and he seeks full payment of that amount. (*See* Exhibit "A".)

21.    The Complaint, in Count II, alleges that State Farm acted in bad faith pursuant to 42 Pa. C.S.A. §8371 and, accordingly, Plaintiff seeks punitive damages, attorney's fees, costs and interest.

22.    Where both actual and punitive damages are recoverable, punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied. *Bell vs. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240, 88 L. Ed. 15, 64 S. Ct. 5 (1943).

23.    Although the claim of bad faith is disputed by State Farm, if Plaintiff is able to sustain a finding of bad faith, it is not unreasonable to expect that a punitive damage award one or two times the amount in controversy, or beyond, could be rendered by the trier of fact.

24.    "If appropriately made . . . claims for punitive damages will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum." *Huber v. Taylor*, 532 F.3d 237, 244 (3d Cir. 2008); *Mieczkowski v. Salvation Army*, No. 3:15 cv 2146, 2016 U.S. Dist. LEXIS 54260 (M.D. Pa. Apr. 22, 2016); *Colasuonno v. Safe Auto Ins. Co.*, No. 12-5791, 2012 U.S. Dist. LEXIS 194718 (E.D. Pa. Dec. 12, 2012).

25.     Moreover, attorney's fees must also be included in determining the amount in controversy. *Neff vs. Gen. Motors Corp.*, 163 F.R.D. 478, 482 (E.D. Pa. 1995). It is reasonable to expect that, over the course of an approximate nine-month litigation of this matter Plaintiff could incur costs and fees in the range of $25,000.

26.     The defendant must prove the amount in controversy by a preponderance of the evidence. In considering whether the defendant has made its proof, the Court must determine the amount in controversy from the Complaint itself. The Court must make an independent appraisal of the claim and, after a generous reading of the Complaint, arrive at the reasonable value of the rights being litigated. This appraisal must include not only the reasonable value of potential compensatory damages, but the value of potential punitive damages as well. *Feldman v. New York Life Ins. Co.*, CIVIL ACTION NO. 97-4684, 1998 U.S. Dist. LEXIS 2301 (E.D. Pa. Mar. 4, 1998).

27.     Given Plaintiff's stated claims for breach of contract and bad faith, the amount in controversy in this case is in  excess of the $75,000.00 jurisdictional threshold for removal to the Federal Court, in accordance with 28 U.S.C. §1446 (a).

28.     Defendant reiterates its demand for a jury trial of twelve.

WHEREFORE, Defendant, State Farm Fire and Casualty Company, hereby removes this suit to this Honorable Court pursuant to the laws of the United States in such cases made and provided.

BY:

_Yolanda Konopacka Desipio_

YOLANDA KONOPACKA DESIPIO, ESQUIRE
Attorneys for Defendant
Attorney ID No: 62170
BENNETT, BRICKLIN & SALTZBURG LLC
960 Harvest Drive
Building B, Suite 100
Blue Bell, PA 19422
(267) 654-1100

Date:   July 29, 2022

6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERNDISTRICT OF PENNSYLVANIA

_____

| | | |
|---|---|---|
| DUMAR JAMAL COMBS | : | |
| | : | CIVIL ACTION NO |
| v. | : | |
| | : | |
| STATE FARM FIRE AND | : | |
| CASUALTY COMPANY | : | JURY OF 12 DEMANDED |

_____

### NOTICE OF REMOVAL

**TO:**   Daniel J. Auerbach, Esquire
Gamburg & Benedetto LLC
1500 JFK Blvd., Suite 1203
Philadelphia, PA 19102

PLEASE TAKE NOTICE that defendant, State Farm Fire and Casualty Company, has

filed in this Court a verified Notice for Removal of the State Court action, _Dumar Jamal Combs_

_v. State Farm Fire and Casualty Company,_  now pending in the Court of Common Pleas of

Philadelphia County, Pennsylvania, at Number 220601388.

PLEASE TAKE FURTHER NOTICE that a certified copy of the Notice of Removal will

be filed with the Prothonotary of the Court of Common Pleas of Philadelphia County,

Pennsylvania.

PLEASE BE ADVISED that by virtue of 28 U.S.C. §1446(f), the State action is now

removed to this Court. The State Court has no further jurisdiction over this action and you should

proceed no further in that Court or under its authority.

BY: _____
YOLANDA KONOPACKA DESIPIO, ESQUIRE
Attorneys for Defendant
Attorney ID No: 62170
BENNETT, BRICKLIN & SALTZBURG LLC
960 Harvest Drive
Building B, Suite 100
Blue Bell, PA 19422
Date:  July 29, 2022                     (267) 654-1100

2

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERNDISTRICT OF PENNSYLVANIA**

_____

| | | |
|---|---|---|
| DUMAR JAMAL COMBS | : | |
| | : | CIVIL ACTION NO |
| v. | : | |
| | : | |
| STATE FARM FIRE AND | : | |
| CASUALTY COMPANY | : | JURY OF 12 DEMANDED |

_____

**DEFENDANT'S CERTIFICATION OF FILING OF
<u>COPY OF NOTICE OF REMOVAL WITH STATE COURT</u>**

Yolanda Konopacka DeSipio, Esquire, being duly sworn according to law, deposes and says that she is an attorney with the law firm of Bennett, Bricklin & Saltzburg LLC, attorneys for defendant, State Farm Fire and Casualty Company, and that she did direct the filing with the Prothonotary of the Court of Common Pleas of Philadelphia County a copy of the Notice of Removal, attached hereto, said filing to be made on July 29, 2022.  I certify that the statements herein are true and correct to the best of my knowledge, information and belief, and that if the statements are found to be willfully false I may be subject to punishment.


BY:   _____
        YOLANDA KONOPACKA DESIPIO, ESQUIRE
        Attorneys for Defendant
        Attorney ID No: 62170
        BENNETT, BRICKLIN & SALTZBURG LLC
        960 Harvest Drive
        Building B, Suite 100
        Blue Bell, PA 19422
Date:  <u>July 29, 2022</u>        (267) 654-1100

## **AFFIDAVIT**

I,  Yolanda Konopacka DeSipio, Esquire, being duly sworn according to law, do hereby depose and state that I am an attorney for Defendant, State Farm Fire and Casualty Company, the Petitioner in the foregoing Notice of Removal, that I have been duly authorized by the Petitioner to execute this Affidavit, that I am familiar with the facts involved in this matter, and that the allegations set forth in the foregoing Notice of Removal are true and correct to the best of my knowledge, information and belief, and that if the statements are found to be willfully false I may be subject to punishment.

_____
Yolanda Konopacka DeSipio