# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DUMAR JAMAL COMBS** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **STATE FARM FIRE AND** | : | |
| **CASUALTY COMPANY** | : | **NO. 22-2987** |

### ORDER

**NOW**, this 1st day of August, 2022, it is **ORDERED** that a **PRETRIAL CONFERENCE** shall be held on **Tuesday, September 13, 2022, at 9:00 a.m., in Chambers, Room 9400**, United States Courthouse, 601 Market Street, Philadelphia, Pennsylvania.

**IT IS FURTHER ORDERED** as follows:

1. The parties shall make the required initial disclosures under Fed. R. Civ. P. 26(a) within 14 days of the date of this Order;

2. On or before **September 7, 2022,** counsel shall complete and file with the Clerk the required Report of Rule 26(f) Meeting incorporating all the information described in the attached form Report;

3. Counsel shall follow Judge Savage's Policies and Procedures which can be found at www.paed.uscourts.gov; and

4. **Lead trial counsel is required to appear at the conference**. If trial counsel is on trial in another matter, an attorney in his or her office who is thoroughly familiar with this case is required to appear at the conference.

/s/ TIMOTHY J. SAVAGE J.

# FORM

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
|  | : | **CIVIL ACTION** |
|  | : |  |
| **v.** | : |  |
|  | : | **NO.** |

## REPORT OF RULE 26(f) MEETING

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on (date) and submit the following report of their meeting for the court's consideration:

**1.    Discussion of Claims, Defenses and Relevant Issues**

You should assume that the court has read the complaint and is familiar with the claims. However, the facts supporting those claims and defenses are unknown. Therefore, counsel shall set forth concisely the factual background that the parties contend support their claims and defenses.

Summarize your discussion of primary issues, threshold issues and those issues on which the parties will need to conduct discovery. Identify what information each party needs in discovery as well as when and why. Also indicate likely motions and their timing.

**2.    Informal Disclosures**

State the parties' agreement on timing, form and scope of informal disclosures. Specifically identify not only the information listed in Rule 26(a)(1), but any additional information the parties agree to disclose informally.

Keep in mind that self-executing discovery must not be delayed until the pretrial conference. If the parties have not made the Rule 26(a) initial disclosures within the time required by the Court's Order scheduling the pretrial conference, they should explain why not.

3.   **Formal Discovery**

Indicate nature, sequence and timing of formal discovery, as well as any need to conduct discovery in phases to prepare for the filing of motions or for settlement discussions. Specifically delineate what discovery will be conducted formally.

The discovery deadline should normally be no more than 120 - 150 days from the date of the Rule 16 pretrial conference. If the parties believe there are compelling reasons for a longer period of discovery, state them.

The parties are required to address procedures to preserve electronically stored information, to avoid inadvertent privilege waivers, and to determine the form in which electronic information will be produced. The cost of producing the information must be discussed.

4.   **Electronic Discovery**

It is expected that the parties will reach an agreement on how to conduct electronic discovery. In the event the parties cannot reach such an agreement before the Rule 16 scheduling conference, the Court will enter an order incorporating default standards. The default order can be viewed at www.paed.uscourts.gov.

The parties shall discuss the parameters of their anticipated e-discovery at the Rule 26(f) conference and shall be prepared to address e-discovery at the Rule 16 scheduling conference with the Court.

**5.    Expert Witness Disclosures**

Indicate agreement on timing and sequence of disclosure of the identity and anticipated testimony of expert witnesses, including whether depositions of experts will be needed.

The parties should expect that the Court requires expert reports to be exchanged simultaneously. If there are compelling reasons to stagger the production of expert reports, state them.

**6.    Early Settlement or Resolution**

The parties must familiarize themselves with Local Rule 53.3 before responding. Recite the parties' discussion about early resolution through ADR, motion or otherwise explain what steps were taken by counsel to advise the client of alternative dispute resolution options. Explain any decision not to seek early resolution and what mediation options the parties may consider and when mediation would be appropriate.

**7.    Trial date**

If a date certain is requested, state the reasons. Generally, if requested, a firm trial date will be scheduled.

**8.    Other Matters**

Indicate discussion and any agreement on matters not addressed above.

_____
(Attorney Signature)

_____
(Attorney Signature)