IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DUMAR JAMAL COMBS | : | |
| | : | CIVIL ACTION NO: 22-2987 |
| vs. | : | |
| | : | |
| STATE FARM FIRE AND CASUALTY COMPANY | : | Jury Trial of 12 Demanded |

## ANSWER OF DEFENDANT, STATE FARM FIRE AND CASUALTY COMPANY, TO COMPLAINT WITH AFFIRMATIVE DEFENSES

Defendant, State Farm Fire and Casualty Company ("State Farm"), by and through its attorneys, Bennett, Bricklin and Saltzburg LLC, hereby answers Plaintiff's Complaint and, in support thereof, avers as follows:

### PARTIES

1.      Admitted upon information and belief.

2.      Admitted with clarification that State Farm is a corporation organized and existing under the laws of the State of Illinois and authorized to do business in Pennsylvania.

3.      Admitted.

### FACTUAL BACKGROUND

4.      Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, denies same and demands strict proof thereof.

5-7.      Denied. It is only admitted that Plaintiff has claimed a chain and pendant and a necklace were appraised at the value claimed in the complaint ($72,500). Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of these paragraphs, denies same and demands strict proof thereof.

8-12.   Admitted in part, denied in part. Admitted with clarification that Defendant issued a policy of insurance ("Policy") to Plaintiff, policy number 38-GA-B505-3, Personal Articles Policy Form FP-7940.2, which provided certain coverage for Plaintiff's jewelry, as more fully set forth in the copy of the Policy with endorsements, which is attached hereto as Exhibit "A" and incorporated herein by reference. Said Policy provided a $72,500 coverage limit for two items of jewelry as described in the Policy's Personal Articles Schedule. Denied to the extent that Exhibit "A" attached to the Complaint is a document which speaks for itself, and any attempt to characterize same is denied.

13.     Admitted only that Plaintiff reported to State Farm that on September 17, 2021, he flew from Philadelphia International Airport to Los Angeles International Airport.

14.     Denied. Defendant is without knowledge to confirm the allegations of plaintiff's complaint and same are denied and strict proof is demanded at trial.  By way of further response, Plaintiff has claimed that he placed two pieces of jewelry in a black duffle bag and checked in the duffle bag as luggage with the airline.

15.     Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, denies same and demands strict proof thereof. By way of further response, Plaintiff has claimed that he put two pieces of jewelry worth $72,500 in a black duffle bag which he allegedly checked in as luggage with the Philadelphia International Airport.

16-19. Denied.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of these paragraphs, denies same and demands strict proof thereof.  By way of further response, the next day following his trip, Plaintiff submitted to the airline an on-line report for the lost item.

2

20.     Admitted that on September 18, 2021, Plaintiff reported a claim (claim number 38-24X3-13R) to State Farm.

21.     Denied as stated. In accordance with the Policy, Defendant conducted the Examination Under Oath ("EUO") of Plaintiff as part of its investigation of the claim. As a result of the EUO, and based on its investigation of the claimed loss, Defendant determined that the Policy did not provide coverage for Plaintiff's claim. A copy of the letter to Plaintiff explaining same is attached hereto and incorporated herein as Exhibit "B".

22.     Admitted that Plaintiff's EUO was conducted on November 22, 2021, at which time attorney Auerbach also appeared on Plaintiff's behalf.

23.     Admitted with clarification that during his EUO, Plaintiff testified that he placed marijuana in the bag containing the jewelry that he allegedly checked with the airline at the Philadelphia International Airport.

24.     Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, denies same and demands strict proof thereof.

25.     Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, denies same and demands strict proof thereof.

26.     Denied. The averments of this paragraph of the Complaint are conclusions of law to which no responsive pleading is required and they are denied. By way of further response, the federal government classifies marijuana as a Schedule I drug under the Controlled Substances Act, and prohibits the use, possession and sale of marijuana.

27.     Denied. The averments of this paragraph of the Complaint are conclusions of law to which no responsive pleading is required and they are denied. By way of further response,

Defendant investigated the subject claim, and acted reasonably, properly, lawfully and in accordance with the Policy at all material times.

28.    Denied. The averment in this paragraph that "It requested he make additional requests of the PHL and LAX" is confusing and unclear, and Defendant is therefore unable to form a belief as to its truth and sufficiency. Strict proof of all allegations is demanded.

29.    Denied as stated. Plaintiff's EUO testimony was that Plaintiff was traveling throughout the contiguous United States with contraband in checked luggage that also allegedly contained Plaintiff's insured jewelry. Denied further to the extent that the averments of this paragraph of the Complaint are conclusions of law to which no responsive pleading is required and they are denied.

30.    Denied. The averment in this paragraph that "State Farm asked Mr. Combs to reach out to the TSA for additional information" is confusing and unclear, and Defendant is therefore unable to form a belief as to its truth and sufficiency. Strict proof of all allegations is demanded.

31.    Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, denies same and demands strict proof thereof.

32.    Denied. The averments of this paragraph of the Complaint are conclusions of law to which no responsive pleading is required and they are denied. Regarding any remaining factual allegations, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, denies same and demands strict proof thereof.

33.    Admitted that Defendant issued to Plaintiff its coverage decision on June 3, 2022.

4

34.     Admitted that based on its investigation of the claimed damages, Defendant determined that the Policy did not provide coverage for Plaintiff's claim, as explained in Exhibit "B".

35-37. Denied as referring to a document which speaks for itself and any attempt to characterize same is denied. By way of further response, Defendant acted reasonably, properly, lawfully and in accordance with the Policy at all material times.

## COUNT I – BREACH OF CONTRACT

38.     Defendant State Farm incorporates by reference the foregoing paragraphs as though fully set forth hereinafter at length.

39.     Admitted.

40.     Denied. The Policy is a document which speaks for itself and any attempt to characterize same is denied.

41.     Denied. The averments of this paragraph of the Complaint are conclusions of law to which no responsive pleading is required and they are denied. By way of further response, the exclusion does apply. As a result of the EUO, and based on its investigation of the claimed loss, Defendant determined that the Policy did not provide coverage for Plaintiff's claim.

42.     Denied. The averments of this paragraph of the Complaint are conclusions of law to which no responsive pleading is required, and they are denied. By way of further response, Defendant denies that it breached the Policy, but instead acted reasonably, properly, lawfully and in accordance with the Policy and applicable statutes at all material times.

43.     Denied. The averments of this paragraph of the Complaint are conclusions of law to which no responsive pleading is required, and they are denied. By way of further response, Defendant denies that it breached the Policy or that Plaintiff is entitled to $72,500. Rather,

Defendant acted reasonably, properly, lawfully and in accordance with the Policy at all material times.

44.     Denied. The averments of this paragraph of the Complaint are conclusions of law to which no responsive pleading is required, and they are denied. Denied further that Plaintiff has complied with all duties under the Policy and strict proof thereof is demanded.

WHEREFORE, Defendant, State Farm Fire and Casualty Company, asks that judgment be entered in its favor and against Plaintiff on Count I of the Complaint.

## COUNT II – BAD FAITH

45.     Denied. The averments of this paragraph of the Complaint are conclusions of law to which no responsive pleading is required, and they are denied. This paragraph also refers to a statute which speaks for itself.  By way of further response, Defendant acted reasonably, properly, lawfully and in accordance with the Policy at all material times.

46.     Denied. The averments of this paragraph of the Complaint are conclusions of law to which no responsive pleading is required, and they are denied.

47.     Denied. The averments of this paragraph of the Complaint are conclusions of law to which no responsive pleading is required and they are denied. By way of further response, Defendant denies that it lacked a reasonable basis to deny the claim. On the contrary, Defendant acted reasonably, properly, lawfully and in accordance with the Policy at all material times.

48.     Denied. The averments of this paragraph of the Complaint are conclusions of law to which no responsive pleading is required, and they are denied. By way of further response, Defendant denies that it knew of or recklessly disregarded its lack of a reasonable basis to deny the claim. On the contrary, Defendant acted reasonably, properly, lawfully and in accordance with the Policy at all material times.

49.     Denied. The averments of this paragraph of the Complaint are conclusions of law to which no responsive pleading is required and they are denied. By way of further response, Defendant denies that the denial of the claim was unfounded. On the contrary, as a result of the EUO, and based on its investigation of the claimed loss, Defendant determined that the Policy did not provide coverage for Plaintiff's claim. Defendant acted reasonably, properly, lawfully and in accordance with the Policy at all material times.

50.     Denied. The averments of this paragraph of the Complaint are conclusions of law to which no responsive pleading is required, and they are denied. By way of further response, Defendant denies that it mischaracterized the Policy's provisions. On the contrary, Defendant acted reasonably, properly, lawfully and in accordance with the Policy at all material times.

51.     Denied. The averments of this paragraph of the Complaint are conclusions of law to which no responsive pleading is required and they are denied. Denied further as the Policy is a document which speaks for itself, and any attempt to characterize same is denied.

52.     Denied. The averments of this paragraph of the Complaint are conclusions of law to which no responsive pleading is required and they are denied. Denied further as the Policy is a document which speaks for itself, and any attempt to characterize same is denied.

53.     Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, denies same and demands strict proof thereof. On the contrary, there is no evidence that the insured's duffle bag was lost by the airline.

54.     Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, denies same and demands strict proof thereof.

55.     Denied. The averments of this paragraph of the Complaint are conclusions of law to which no responsive pleading is required and they are denied. Regarding any factual

allegations in this paragraph, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, denies same and demands strict proof thereof. To the extent this paragraph contains conclusions of law no responsive pleading is required and same is denied.

56.    Denied. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, denies same and demands strict proof thereof.

57.    Denied. The averments of this paragraph of the Complaint are conclusions of law to which no responsive pleading is required and they are denied. Regarding the factual allegations in this paragraph, Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph, denies same and demands strict proof thereof.

58.    Denied. The averments of this paragraph of the Complaint are conclusions of law to which no responsive pleading is required and they are denied. Denied further that Defendant acted with a dishonest purpose. To the contrary, at all times Defendant has investigated and adjusted Plaintiff's loss in a fair manner and in good faith, in compliance with the terms of the Policy. All allegations to the contrary are denied and deemed at issue.

59.    Denied. The averments of this paragraph of the Complaint are conclusions of law to which no responsive pleading is required and they are denied. Defendant further responds that at all times Defendant has investigated and adjusted Plaintiff's loss in a fair manner and in good faith, in compliance with the terms of the Policy. All allegations to the contrary are denied and deemed at issue.

WHEREFORE, Defendant, State Farm Fire and Casualty Company, asks that judgment be entered in its favor and against Plaintiff on Count II of the Complaint.

8

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, or limited, by the applicable statute of limitations, including the suit limitation set forth in the applicable insurance policy.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, because there have been no compensable losses, occurrences, damages or expenditures.

## THIRD AFFIRMATIVE DEFENSE

Some or all the damages claimed by Plaintiff are not reasonable and necessary but are instead excessive and unreasonable.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff may have breached the applicable insurance policy and, accordingly, State Farm has no duty under the policy.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part by concealment and/or material misrepresentation of the Plaintiff and/or Plaintiff's agents, representatives, contractors and/or workmen as to inter alia how the damages occurred and the specific items of damages.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim is subject to all the terms, conditions, limitations, exclusions, etc. in the policy of insurance at issue in the case.

## SEVENTHTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the terms, conditions, exclusions, exceptions, limitations, and/or limits of liability of the policy under which claim has been made.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to allege, nor is there evidence of, any conduct sufficient to permit the imposition of punitive damages, attorneys' fees, costs, interest, or damages under the applicable law, nor did Defendant State Farm engage in any such conduct, as it acted reasonably, properly, lawfully, in good faith and in accordance with the policy at all material times.

### NINETH AFFIRMATIVE DEFENSE

To the extent any punitive damages sought by Plaintiff do not meet the criteria set forth by the United States Supreme Court in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003), such an award would be violative of the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

### TENTH AFFIRMATIVE DEFENSE

To the extent that it is judicially determined that any coverage is owing:

      (a)     Loss settlement is controlled by the applicable provisions of the policy including policy limits;

      (b)     Defendant State Farm in no event is obliged to pay more than set forth in the policy and the limits of coverage;

      (c)     Defendant State Farm reserves all other rights as set forth in the policy.

WHEREFORE, Defendant, State Farm Fire and Casualty Company, requests that Plaintiff's Complaint be dismissed with prejudice, that judgment be entered in Defendant, State Farm Fire and Casualty Company's favor and that State Farm Fire and Casualty Company be awarded costs and such other and further relief as may be available and as the court deems appropriate and just.

**BENNETT, BRICKLIN & SALTZBURG LLC**

BY:      YKD/5461
_____
YOLANDA KONOPACKA DESIPIO, ESQUIRE
BENNETT, BRICKLIN & SALTZBURG LLC
Attorneys for Defendant
Attorney ID Nos: 62170
960 Harvest Drive. Building B, Suite 100
Blue Bell, PA 19422
(267) 654-1100